1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

RICHARD A. KIRKHAM,

11

Plaintiff,

12

v.

13

JOSEPH CHALVERUS, *et al.*,

14

Defendants.

CASE NO. C05-1704C

ORDER

15

16

        This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and

17

his proposed civil rights Complaint under 42 U.S.C. § 1983 (Dkt. No. 1), the Report and

18

Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 5), and

19

Plaintiff's objections to the R&R (Dkt. No. 7).  Having reviewed the materials submitted by the parties

20

and having determined that oral argument is not necessary, the Court hereby finds and rules as follows.

        Plaintiff's Complaint alleges that the attorney who is acting as standby counsel in Plaintiff's state

21

court criminal proceeding has denied Plaintiff access to the courts, has lied to and misled Plaintiff, and has

22

frustrated Plaintiff's efforts to prepare a defense.  (Compl. 3.)  Plaintiff has named attorney Joseph

23

Chalverus and his law office as Defendants, seeking compensatory damages from them.  (*Id*. at 12.)

24

Judge Theiler recommends that Plaintiff's application to proceed *in forma pauperis* be denied and his

25

26

ORDER – 1

1   Complaint be dismissed on the grounds that the action was not brought against any state actors as

2   required under § 1983.  (R&R 2.)  Plaintiff agrees with Judge Theiler that his action cannot be maintained

3   against the Defendants he has named.  (Pl.'s Obj. 1.)  However, in his objection to the R&R, Plaintiff asks

4   that he now be allowed "to amend his complaint to a general claim/constitutional question," presumably

5   against the same Defendants.  (*Id*. at 2.)  This request that he be granted leave to amend his Complaint to

6   change the claims against Defendants occurred after the magistrate judge's R&R had been filed.

7        A *pro se* litigant must be given leave to amend his or her complaint unless it is clear that the

8   deficiencies of the complaint could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103,

9   1106 (9th Cir. 1995).  To bring a civil rights action, Plaintiff must show that he has suffered a violation of

10  federal constitutional or statutory rights and that the violation was proximately caused by a person acting

11  under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

12  Plaintiff's Complaint is deficient in that the claims he attempts to bring cannot be made against these

13  private Defendants under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981) (private attorney

14  does not act under color of state law when performing traditional functions as counsel to defendant in

15  criminal proceeding).  Moreover, the defects in Plaintiff's Complaint cannot be cured by alleging a

16  "general claim/constitutional question."  Plaintiff alleges that Defendants violated his First, Fourth, Fifth,

17  Sixth, Eighth, and Fourteenth Amendment rights.  (Compl. 3.)  However, dropping the § 1983 claims and

18  bringing general constitutional claims is ineffective against these Defendants.  A private right of action

19  against a private party under these amendments, when recognized at all, still requires *government* action

20  on the part of the Defendants, even outside a § 1983 claim.  *See, e.g., Pub. Utils. Comm'n of Dist. of*

21  *Columbia v. Pollak*, 343 U.S. 451, 461 (1952) (The First Amendment applies to and restricts the federal

22  government, but not private parties.); *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

23  *Narcotics*, 403 U.S. 388, 392–97 (1971) (recognizing an implied private right of action only for

24  violations of the Fourth Amendment by federal agents); *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir.

25  1982) ("[t]he Due Process Clause of the Fifth Amendment applies to actions of the federal government

26  ORDER – 2

1  and not to individual activities of private actors"); *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 67

2  (2001) (private right of action for damages under Eighth Amendment only in limited circumstances

3  against federal prison guard under *Carlson v. Green*, 446 U.S. 14 (1980)); *Am. Mfrs. Mut. Ins. Co. v.*

4  *Sullivan*, 526 U.S. 40, 50 (1999) (Due process claims under the Fourteenth Amendment require state

5  action.).  Because any general constitutional claims Plaintiff may amend to his Complaint also require

6  *state or federal government action*, the defects in his Complaint against these Defendants cannot be

7  cured by such amendment.  Furthermore, Plaintiff does not propose adding any other Defendants.  Thus,

8  an amendment of his Complaint would be futile.

9         Finally, the Court notes that while Plaintiff's possible federal constitutional claims are deficient for

10  lack of government action, Plaintiff may have a cause of action against Defendants for damages under

11  state law, including malpractice claims or claims under the state constitution.  *See Polk County*, 454 U.S.

12  at 325–26 (pubic defender's malpractice may subject him to state law malpractice action but not action

13  under § 1983).  However, allowing Plaintiff to amend his Complaint in this case to include only *state* law

14  claims would destroy this Court's subject matter jurisdiction, because he would have no federal question

15  and has not alleged sufficient facts about state citizenship of the parties and amount in controversy to

16  bring a diversity action.  *See* 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity jurisdiction).

17  Therefore, Plaintiff's request to amend his Complaint is DENIED.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25

26  ORDER – 3

1    For these reasons, it is hereby ORDERED:

2    (1) The court ADOPTS the Report and Recommendation.

3    (2) Plaintiff's application to proceed *in forma pauperis* is DENIED and Plaintiff's Complaint is

4    DISMISSED without prejudice.

5    (3) Plaintiff's request for leave to amend his Complaint is DENIED.

6    (4) The Clerk is directed to send copies of this Order to Plaintiff and to Magistrate Judge Theiler.

7

8    SO ORDERED this 21st day of December, 2005.

9

10

11

12    John C. Coughenour

13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 4